UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,             **DECISION AND ORDER**
                                                          07-cr-0712(ADS)
    -against-

JAMINSON CUEVAS,

                Defendant.
-------------------------------------------------------------------x
**APPEARANCES:**

**OFFICE OF THE UNITED STATES ATTORNEY**
   **FOR THE EASTERN DISTRICT OF NEW YORK**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, New York 11722
      By:    Mark Misorek, Assistant United States Attorney

**THE FEDERAL DEFENDERS OF NEW YORK**
*Attorneys for the Defendant*
770 Federal Plaza
Central Islip, NY 11722
      By:    Randi L. Chavis, Esq.

**SPATT, District Judge:**

Presently before the Court in this criminal action is a motion by the Defendant Jaminson Cuevas ("Cuevas" or the "Defendant") for a determination as to his eligibility for a sentencing reduction in light of recent amendments to the United States Sentencing Guidelines Manual (the "Guidelines").

1

## I. Background

On or about September 19, 2007, a Grand Jury returned an indictment (the "Indictment") charging the Defendant with one count of conspiring to distribute, and possessing with the intent to distribute, cocaine; one count of distributing, and possessing with the intent to distribute, cocaine; and one count of possessing with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846.

The Defendant was arrested and placed in custody on August 23, 2007.

On or about September 28, 2007, the Defendant, through counsel, appeared before United States Magistrate Judge E. Thomas Boyle, and pleaded not guilty to the charges against him.

On or about August 26, 2008, on referral from this Court, the Defendant, through counsel, appeared before United States Magistrate Judge A. Kathleen Tomlinson. At that proceeding, the Defendant withdrew his previous plea of not guilty; and, after Judge Tomlinson administered the allocution, entered a guilty plea to Count 2 of the Indictment, namely, distribution of, and possession with the intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii).

Judge Tomlinson recommended that this Court accept the plea of guilty.

On or about May 1, 2009, the Defendant, through counsel, appeared before this Court. On Judge Tomlinson's recommendation, the Court accepted the Defendant's guilty plea.

The Court also imposed a sentence. In this regard, the Court noted several relevant facts contained in the presentence report. In particular, investigators determined that, between 1995 and 2004, Cuevas supplied local drug dealers with at least 702 kilograms of cocaine. His criminal history is extensive, and includes: a conviction at age 25 for criminal possession of a weapon arising from an incident where he was found rolling marijuana cigarettes on a subway train with a loaded handgun; another conviction at age 26, again for criminal possession of a weapon, this time arising from an incident where he was found with a .25 caliber handgun and cocaine in a car, and another individual in the vehicle attempted to bribe the arresting officer; a subsequent conviction for attempted criminal possession of a controlled substance in the third degree – at the time of this arrest he had been found with a loaded machine gun and three other loaded firearms; and an additional arrest for criminal possession of a .45 caliber handgun, which resulted in an unknown disposition.

Further, the Court noted that Cuevas failed to file income tax returns for several of the years during which he was out of prison, and also violated the terms of his parole.

The Court also noted that the Defendant has a history of chronic substance abuse, which includes marijuana use since age 16; cocaine since 1986; and alcohol abuse.

The Court then determined the appropriate sentencing range under the Guidelines. In this regard, the Assistant United States Attorney stated the following on the record:

> [T]he probation department had calculated with respect to the base offense level being that of a level 38. The government believes that we are required to go to a <u>Fatico</u> hearing on this.
> All we can prove would be that consistent with a level 36, which is what the defendant stipulated to in his plea agreement, which is that he was involved in the distribution of at least 50 kilograms of cocaine.
> So it would be the government's position that the base offense level should be reduced from a 38 to a 36.

Transcript of Sentencing Proceedings at 6:11-22.

The Court granted the Government's application in this regard and adopted a base offense level of 36, which the Court further reduced to a level 33 based on the Defendant's acceptance of responsibility. The Court also determined that the Defendant's criminal history placed in him Criminal History Category V. Thus, the applicable advisory sentence range was 210 to 262 months. After considering such additional relevant facts as the Defendant's troubled upbringing; his history of abuse at the hands of his father; the tragic death of his mother; his period of homelessness; and the fact that he suffers from HIV, the Court imposed a sentence of 210 months in custody, with credit for time served, and, to the extent that he is not deported upon being released from prison, a period of four years of post-release supervision.

Pursuant to the terms of the operative plea agreement, the Defendant waived his right to an appeal or to collaterally attack the sentence through a writ of habeas corpus.

On the Government's motion, the Court also dismissed the open counts in the Indictment.

On August 11, 2015, Cuevas, through Court-appointed counsel, contacted the Court and requested, pursuant to 18 U.S.C. § 3582(c)(2), that his eligibility for a sentencing reduction be considered in light of recent amendments to the Guidelines.

On or about August 31, 2015, members of the United States Probation and Pretrial Services System (the "Probation Department") prepared an addendum to the Defendant's original presentence report (the "Presentence Addendum"), a copy of which was supplied to the Court.

On or about November 9, 2015, the United States Attorney's Office submitted a written response to Cuevas's application, which is now before the Court for a decision.

## II. Discussion

### A. The Relevant Legal Standards

Under section 3852 of Title 18 of the United States Code, the Court may modify a term of imprisonment in the case of:

> [A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

18 U.S.C. § 3852(c)(2).

"The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion." United States v. Delgado-Velasquez, 07-cr-271, 2015 U.S. Dist. LEXIS 143072, at *2 (E.D.N.Y. Oct. 21, 2015) (citing Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). " 'First, the district court must determine whether the defendant in question is eligible for a reduction in sentence'. " Id. (quoting United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013)). "Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case." Id. at *2-*3 (citing Dillon, 560 U.S. at 827).

1. **Step One – Eligibility under Amendment 782**

Relevant here, "Amendment 782 to the Guidelines, effective November 1, 2014, modified the base offense levels in the Drug Quantity Table in § 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses." United States v. Bonefont, 12-cr-581, 2015 U.S. Dist. LEXIS 56946, at *3 (E.D.N.Y. Apr. 30, 2015) (citing USSG App. C (Supp.) at 71). In particular, Amendment 782 reduced the offense levels in § 2D1.1 by two levels. See United States v. Flamenco, 07-cr-327, 2015 U.S. Dist. LEXIS 139263, at *6 (E.D.N.Y. Oct. 13, 2015). "The Sentencing Commission made Amendment 782 retroactive for defendants sentenced before its effective date." Bonefont, 2015 U.S. Dist. LEXIS 56946, at *3.

6

Importantly, even where the advisory sentencing range was altered by Amendment 782, "'[a]ll Guidelines decisions from the original sentencing remain in place.'" United States v. Brown, 10-cr-675, 2015 U.S. Dist. LEXIS 138274, at *9-*10 (E.D.N.Y. Oct. 8, 2015) (applying the same two-point reduction in resolving a § 3852(c)(2) motion as was applied at the original sentencing) (quoting Freeman v. United States, __ U.S. __, 131 S. Ct. 2685, 2693, 180 L. Ed. 2d 519 (2011)).

### 2. Step Two – Analysis of § 3553(a) Factors

If a defendant is eligible for a reduction in sentence, the Court must then determine whether such a reduction is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Delgado-Velasquez, 2015 U.S. Dist. LEXIS 143072, at *4 (citing Dillon, 560 U.S. at 827). Among other factors, § 3553(a) instructs a sentencing court to consider the nature and circumstances of the offense; the particular defendant's characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the laws, deter similar criminal conduct, and protect the public from further crimes by the defendant. See 18 U.S.C. § 3553(a)(1)-(2).

It warrants noting that, save for a limited exception not relevant to this case, "where a reduction is authorized, the Guidelines provide that 'the Court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range.'" Delgado-Velasquez, 2015 U.S. Dist. LEXIS 143072, at *4 (quoting USSG § 1b1.10(b)(2)(A)).

**B.     As to Whether the Defendant is Eligible for a Reduction in Sentence**

At the outset, the Court notes that the Government opposes the Defendant's request for a sentence reduction. In particular, the Government contends that, even accounting for Amendment 782, Cuevas's advisory sentencing range is unchanged and, therefore, he is ineligible for relief under § 3852(c)(2). The Court disagrees.

The Government's position is based on the mistaken premise that the applicable base offense level for Cuevas's crime is a 38. In its opposition to the instant motion, the Government asserts that "the defendant was held responsible for 702 kilograms of cocaine" and that, even after enactment of Amendment 782, "the base offense level for a quantity of 702 kilograms of cocaine remains at 38." See Gov't Opp. at 3. Thus, according to the Government, "both before and after the amendments to the Guidelines, the defendant's base offense level is 38[.]" Id.

However, as noted above, Cuevas's sentence was not formulated using a base offense level of 38. Rather, pursuant to an application the by the prosecuting Assistant United States Attorney, the Court utilized a base offense level of 36. Of note, at sentencing, the prosecutor expressly stated that this reduction in the base offense level was warranted by the Government's proof, which was "consistent with a level 36" and showed the Defendant to have been "involved in the distribution of at least 50 kilograms of cocaine."

Under these circumstances, contrary the Government's current position, the Defendant is eligible for a two-level reduction in his base offense level from a 36 to a 34. See United States v. Marulanda, 99-cr-0654. 2015 U.S. Dist. LEXIS 141834, at

*9-*10 (E.D.N.Y. Oct. 19, 2015) (finding a defendant, who was estimated to be responsible for fifty kilograms of cocaine, eligible for a reduction in his base offense level from 36 to 34).

Further, as noted above, all Guidelines decisions made in connection with the original sentencing remain in place for purposes of the instant motion. Thus, the Court's three-level reduction for Cuevas's acceptance of responsibility applies, and further decreases the total offense level to a 31.

**C.     As to Whether a Reduction is Warranted by the § 3553(a) Factors**

In the Court's view, consideration of the § 3553(a) factors, together with the Defendant's post-sentence conduct, weighs in favor of a reduction. See United States v. Obregon, 06-cr-0415, 2015 U.S. Dist. LEXIS 114653, at *3 (E.D.N.Y. Aug. 28, 2015) ("In determining whether a reduction is warranted and the extent of any such reduction, the court may consider the post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" (citing USSG § 1B1.10, cmt. n. 1(B)(iii))).

The Court notes, as it did during the original imposition of sentence, that the Defendant has a lengthy and serious criminal history, which includes repeated offenses involving drugs and weapons. In this regard, the Court notes that the allegations underpinning the instant offense involve massive amounts of drugs, which were intended for distribution. This cannot be overlooked.

However, the Presentence Addendum demonstrates that the Defendant has had no disciplinary infractions while in custody – an uninterrupted period of

9

incarceration that began in September 2007, approximately 98 months. Moreover, the evidence submitted to the Court demonstrates that the Defendant has consistently held working positions within the prison facility; and has completed courses on drug education and self-improvement.

The Court also takes into consideration that the Defendant suffers from a severe illness.

In the Court's view, these circumstances militate in favor of a reduction in sentence.

**D.     As to a Reduction in the Defendant's Criminal History Level**

Although not specifically briefed by the parties, the Court takes note of a relevant consideration raised by the Probation Department in the Presentence Addendum. In particular, at the time of his original sentencing, Cuevas was determined to have ten criminal history points, which placed him in Criminal History Category V. This number of criminal history points included, among other things, one point based on the fact that the instant offense was committed within two years of release on an earlier crime, pursuant to 18 U.S.C. § 4A1.1(e). See, e.g., Rios v. United States, 98-civ-593, 2000 U.S. Dist. LEXIS 9765, at *6-*7 (S.D.N.Y. July 14, 2000) (noting that "USSG § 4A1.1(e) authorizes the addition of one criminal history point if the defendant committed the instant offense less than two years after release from imprisonment on a sentence"); see also United States v. Gutierrez, 99-1594, 2000 U.S. App. LEXIS 23767, at *6 (2d Cir. Sept. 20, 2000) (same); United States v. Bauers, 47 F.3d 535, 537 (2d Cir. 1995) (same).

10

However, according to the Probation Department, "[t]his guideline instruction has been deleted in subsequent sentencing guideline manuals." See Presentence Addendum at 2. Thus, if sentence were to be imposed today, only 9 criminal history points would be attributed to the Defendant, which would place him in Criminal History Category IV, not Category V. See id.

The Court takes judicial notice of the fact that the current form of 18 U.S.C. § 4A1.1(e) omits any instruction to add criminal history points for the "recency" of the instant offense. The Court further notes that the Government's opposition to the instant motion does not directly address the issue of this revised criminal history calculation. Under these circumstances, the Court is persuaded that, in light of this modification to the Guidelines, it is appropriate to place Cuevas in Criminal History Category IV, which further impacts the applicable advisory sentencing range and further militates in favor of a reduction in his sentence.

### III. Conclusion

As a result of the foregoing, the Court finds that a reduction in the Defendant's sentence of imprisonment is warranted. Therefore, considering all relevant considerations, and in an exercise of its discretion, the Court grants the motion by the Defendant Jaminson Cuevas for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines.

In this regard, the Court notes that the advisory sentencing range for a total offense level of 31 and a Criminal History Category IV is 151-188 months. Effective

immediately, the Defendant's sentence shall be reduced to a term of imprisonment of 151 months, to be followed by four years of supervised relief.

**SO ORDERED**

Dated: Central Islip, New York
November 14, 2015 */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge